IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| The Bank of New Mellon, in its capacity as the PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A., in its capacity as the EFCH 2037 Notes Trustee, | : : : : : : | |
| Appellants, | : : | |
| v. | : : | C. A. No. 15-885-RGA |
| Energy Future Holdings Corp., et al., | : : | Bankruptcy Case No. 14-10979 (CSS) AP No. 15-51 |
| Appellees. | : : | |

## **RECOMMENDATION**

At Wilmington this **20th** day of **October, 2015**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The appeal is from the Order Authorizing the debtors to Enter into and Perform Under the Plan Support Agreement entered by the Bankruptcy court on September 18, 2015.  The parties submit that mediation of this appeal would not be helpful under the present circumstances.  the parties advised that they are presently involved in

mediation in the Bankruptcy Court. This appeal concerns issues that may be raised in connection with confirmation of the Appellee's plan of reorganization and are within the scope of the Bankruptcy Court mediation. The appeal issues will be resolved only if there is a resolution of Appellants' Plan confirmation objection. As a result, there is not need for a separate mediation in this court.

As order, the parties proposed separate briefing schedules. Appellants' briefing proposal occurs during the November-December 2015 time frame and it further requests an early January date for oral argument. Through their proposed schedule, Appellants seek to avoid any argument that if the Bankruptcy Court confirms the Plan, the appeal becomes equitably moot, in light of the conflicting decisions in the Third Circuit Court of Appeals.[1] Appellants' proposed briefing schedule is as follows:

| | |
|---|---|
| November 17, 2015 | Appellants' opening brief and corporate disclosure statement |
| December 17, 2015 | Appellee's answering brief and corporate disclosure statement |
| December 24, 2015 | Appellant's reply brief |
| January 5, 2016 | Requested date for oral argument |

Appellee proposes a briefing schedule that occurs from December 2015 into mid-March 2016 to allow the parties an opportunity to resolve the issues on appeal through the Bankruptcy Court mediation and to enable the parties to prioritize their resources on

---

[1] *See In reTribune Media Co.*, 799 F.3d 272, 284 (3d Cir. 2015) (which notes that "[a]t least one esteemed colleague of our Court agrees and has called for . . . reconsideration" of the doctrine of equitable mootness), citing *In re: One2One Commc'ns, LLC*, No. 13-3410, 2015 WL 4430302, at *7 (3d Cir. July 21, 2015).

2

the Plan confirmation process which is expected to extend into December 2015. Appellee, however, reserves all arguments that may be raised in connection with the appeal, including that the appeal is equitably moot. Appellee's proposed briefing schedule is:

| | |
|---|---|
| December 18, 2015 | Appellants' opening brief and corporate disclosure statement |
| February 19, 2016 | Appellee's answering brief and corporate disclosure statement |
| March 18, 2016 | Appellants' reply brief |
| Oral Argument | As soon as possible at the court's convenience after submission of Appellants' reply brief |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties are advised herein of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1. Since the parties jointly requested that this matter be removed from mandatory mediation, objections to this Recommendation are not expected.

No recommendation is made regarding the parties' dueling briefing schedules.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE